528

UNITED STATES

v.

Sergeant McArthur MELTON, FR 261–96–0267 43d Organizational Maintenance Squadron 1st Strategic Aerospace Division (SAC).

ACM 21846.

U. S. Air Force Court of Military Review.

29 Aug. 1975.

Appellate counsel for the Accused: Colonel William E. Cordingly, Colonel Jerry E. Conner and Major Bruce R. Houston.

Appellate counsel for the United States: Colonel C. F. Bennett and Captain Frederick P. Waite.

DECISION

ROBERTS, Senior Judge:

Tried by a military judge sitting alone as a general court-martial, the accused stands convicted, contrary to his pleas of not

guilty, of two specifications of selling heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence is a dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for 18 months, and reduction to airman basic.

The issue assigned for our consideration by appellate defense counsel is whether the military judge should have recused himself, or in the alternative, afforded the accused the opportunity of withdrawing his request for trial by military judge alone, after the accused's earlier plea of guilty was changed to not guilty. We find no error in the procedure followed by the military judge and affirm the conviction.

During a preliminary Article 39(a), 10 U.S.C. § 839(a) Session, the military judge approved the accused's request for trial by judge alone after he had assured himself that the accused was fully aware of the consequences of his choice. Immediately thereafter he announced that the court was assembled, and the accused was arraigned. The trial defense counsel indicated the accused intended to plead guilty, and the military judge conducted a thorough and painstaking plea providence inquiry that fully complied with the mandate of *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). During the inquiry, the accused related that he had in fact, on the dates alleged in the specifications, sold heroin to a person whom his roommate had introduced as a drug user, but who later turned out to be an undercover agent of the Office of Special Investigations (OSI). Having satisfied himself of the providence of the accused's plea, the military judge accepted it and entered findings of guilty.

The special agent involved was called as a witness by the prosecution and related in detail the circumstances of the sales with which the accused was charged. Subsequently, the accused elected to testify under oath in extenuation and mitigation of the offenses of which he had been convicted. In his testimony he asserted that the heroin he sold actually belonged to his roommate, and he intimated his belief that his room-

mate had "set him up" for apprehension by the OSI. He further suggested his suspicion that his roommate had been working as an informer for the OSI and may have deliberately arranged the sale in question in order to enhance his own standing with that organization and to shift suspicion from himself. The accused further gave the impression that the heroin in question might have been supplied to the roommate by the OSI.

The military judge alertly recognized that the assertions made by the accused potentially raised defenses of entrapment or agency. See *United States v. Hodge*, 48 C.M.R. 576 (A.F.C.M.R.1974). He thereupon correctly questioned the accused further concerning the providence of his plea, and advised him of the nature of these two potential defenses. See *United States v. Timmins*, 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972). To prevent any misunderstanding on the accused's part, the military judge also advised the accused how he might be guilty as an aider and abettor of his roommate. See *United States v. Nocho*, 50 C.M.R. 693 (A.F.C.M.R. 1975). The military judge directed the accused to discuss these matters more fully with his counsel and consider whether he wished to present any evidence concerning them to the court. Following a brief recess for this purpose, the trial defense counsel informed the military judge that the accused desired to withdraw his plea of guilty. The military judge permitted the accused to withdraw his plea, informed him and his counsel that he would not consider any evidence previously presented, unless requested to do so by counsel for either side, and that he would begin the trial afresh. The trial then proceeded as if the accused had pleaded not guilty; the OSI agent involved, and other witnesses, were recalled, and the case was re-presented. Subsequently, the military judge found the accused guilty of the offenses with which he was charged and imposed the sentence noted above. Of utmost significance, the trial defense counsel made no objection to the procedure followed, neither did he challenge the military judge's continued participation in the case.

**530**

Appellate defense counsel argue that the military judge should have recused himself from further participation in the trial, because having heard the accused's plea of guilty, the admissions he made during the plea providence inquiry, and the clear evidence of the OSI agent involved, all prior to the withdrawal of the plea, the military judge must have formed a positive opinion as to the guilt of the accused, and was therefore subject to a challenge for cause. See Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 62f(10). It is urged further that even though the military judge might not have formed a positive or definite opinion as to guilt, he should have relieved himself in the interest of having the trial and subsequent proceedings free from substantial doubt as to legality, fairness, or impartiality. See Manual for Courts-Martial, paragraph 62f(13), *supra.*

■ We need not decide whether, under the particular circumstances of this case, the military judge was subject to a challenge for cause; none was interposed, and as counsel and the accused were obviously aware of the military judge's prior exposure to the evidence and facts in the case, any ground for challenge that might have existed was clearly and knowingly waived by the accused. *United States v. Weaver,* 9 U.S.C.M.A. 13, 25 C.M.R. 275 (1958); *United States v. Airhart,* 23 U.S.C. M.A. 124, 48 C.M.R. 685 (1974). Even had a challenge to the military judge's further participation in the case been made, we would not be prepared to hold that failure to sustain the challenge would be improper. The mere fact that a possible ground for challenge exists does not render a military judge ineligible to sit. A judge is to be liberal in passing on a challenge, but the challenge is, after all, addressed to his sound discretion, and his denial of a challenge will not, ordinarily, be disturbed unless there has been a clear abuse of discretion. *United States v. Wright,* 47 C.M.R. 637 (A.F.C.M.R.1973). The United States Court of Military Appeals has held that the general basis for recusation is personal bias on the part of the military judge rather than previous exposure to the same or simi-

lar issues. *United States v. Jarvis,* 22 U.S. C.M.A. 260, 46 C.M.R. 260 (1973). That Court has also held that there is generally no restriction on a military judge trying a case alone, after he has found a plea of guilty to be improvident and set it aside. *United States v. Hodges,* 22 U.S.C.M.A. 506, 47 C.M.R. 923 (1973). We are ever mindful, too, of the oft-repeated principle expressed in both military and federal cases that a judge "has as much an obligation not to recuse himself when there is no occasion to do so as there is to recuse himself when such occasion exists." See *United States v. Wright, supra,* and cases cited therein. In any event, there is not the slightest vestige in this record of any bias or prejudgment of the facts on the part of the military judge, and manifestly, there was no prejudice to the substantial rights of the accused.

■ As we perceive no error in the proceedings below, we would ordinarily merely affirm the conviction without further discussion. However, appellate defense counsel have invited our attention to the policy of the United States Army, as expressed in *United States v. Cockerell,* 49 C.M.R. 567 (A.C.M.R.1974), to the effect that it is preferable that a judge recuse himself, to enhance the appearance of impartiality, whenever he has found a previously entered plea of guilty to be improvident. We are asked to formulate a similar policy on the part of the United States Air Force. We decline to do so. While we subscribe generally to the principles and philosophy discussed in *Cockerell* and have no quarrel whatever with the jurisprudential goals of the Army policy, we believe that the matter of recusation in such cases, is best left to the independent judgment of the military judge involved. There may be, of course, cases in which factual admissions made during the plea providence inquiry, or the compelling nature of evidence presented prior to any withdrawal of the plea, are such as to impel the judge to be convinced of the accused's guilt and mentally unable to make an impartial decision. If that is the case, it is for him to decide whether the better course of action would be to remove himself from

further participation. Similarly, he may conclude that he might properly conduct the trial but that in the interest of fairness and impartiality, the accused should be permitted to withdraw his request for trial by judge alone. In the alternative the judge may, on his own motion, direct that the case be tried before a military jury. See *United States v. Cockerell, supra* ; *United States v. Bryant*, 23 U.S.C.M.A. 326, 49 C.M.R. 660 (1975). On the other hand he may, as did the military judge in this case, perceive that the providence of an accused's plea is questionable because of a lack of understanding of the legal principles and potential defenses available to him, and thus determine that the better course of action would be to change the plea to not guilty, not because of any real factual dispute but because of a misunderstanding of the legal effect of the facts. The action taken by the military judge did not suggest any prejudgment of the accused's case; rather it manifestly reflected a concern that evidence relating to any possible defenses be fully developed in order to assure that all avenues available to the defense were fully considered. This shows a concern for justice and the appearance of fairness, rather than suggesting any partiality or bias.

█ In sum, while we acknowledge that the appearance of fairness in some cases might be enhanced by the *sua sponte* recusal of the military judge upon the withdrawal of a plea, particularly when plentiful military judges are available,[1] in the final analysis such action is best left to the sound discretion of the military judge. See *Wolfson v. Palmieri*, 396 F.2d 121 (2d Cir. 1968).

For the reasons stated, the findings of guilty and the sentence are correct in law and fact and are

Affirmed.

ORSER and SANDERS, Judges, concur.

---

1. We judicially note that but twelve military judges have been designated by The Judge Advocate General of the United States Air Force for detail as judges of general courts-martial, and they are assigned at vastly separated locations throughout the world. Had the judge in this case recused himself it would have required the nearest available judge to travel from the United States to Guam. The organization and number of judges available within the Department of the Army facilitates the policy established in *United States v. Cockerell, supra.*