**UNITED STATES, Appellee,**

v.

**Rufus BRADLEY, Jr., Airman First Class, U. S. Air Force, Appellant.**

No. 33,368.
ACM 22039.

U. S. Court of Military Appeals.

Sept. 24, 1979.

For Appellant: Captain Thomas S. Markiewicz (argued); Colonel Robert W. Norris (on brief).

For Appellee: Major Gilbert J. Regan (argued); Colonel Julius C. Ullerich, Jr. (on brief).

Opinion of the Court

PERRY, Judge: *

The appellant was convicted by a general court-martial consisting of military judge alone of 11 specifications which alleged, variously, the possession, sale, use, and transfer of heroin, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C.

---

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.

§ 892. He was sentenced to a dishonorable discharge, confinement for 3 years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the findings and the sentence, except that he reduced the period of confinement to 30 months. The United States Air Force Court of Military Review affirmed. We granted review to consider the appellant's claim that the military judge should have recused himself after appellant withdrew his earlier pleas of guilty because of government misconduct. Under the facts and circumstances of this case, we conclude that the trial judge erred in continuing to act as factfinder in a court-martial before judge alone. We reverse.

## I

After the appellant had tendered pleas of guilty to 8 of the 11 specifications laid against him, the judge proceeded to advise the appellant as to the full meaning and effect of his pleas.[1] Then, after a thorough providency inquiry, during which the appellant unequivocally affirmed matters contained in a prepared stipulation of fact and admitted his guilt, the judge accepted his pleas and entered findings accordingly.

Subsequently, trial proceeded on the 3 specifications to which the appellant had pleaded not guilty. During the course of this litigation, the defense uncovered, through cross-examination of a government agent, that the Article 32, 10 U.S.C. § 832 investigating officer[2] had considered witness statements which purported to be sworn but which, in fact, were not sworn and which the agent *knew* were not sworn. At this point, the defense counsel moved to withdraw his client's guilty pleas to the other 8 specifications and the judge, determining that good cause was shown, granted

the motion and entered pleas of not guilty to all specifications. Following the judge's denial of defense motions for dismissal of all charges and specifications and for other appropriate relief based upon the perceived government impropriety, the defense counsel moved for the recusal of the military judge. The judge likewise denied this motion but permitted the appellant to consider whether he wished to withdraw his request for trial by judge alone. The appellant declined to withdraw his request.

## II

Whether to grant a challenge for cause against the bench and whether to recuse himself on his own motion are matters left within the sound discretion of the trial judge.[3] But paragraph 62*f*(10), Manual for Courts-Martial, United States, 1969 (Revised edition), cautions the judge that he should not sit if "he has formed or expressed a positive and definite opinion as to the guilt or innocence of the accused as to any offense charged . . ." And subsection (13) of that same paragraph admonishes like action whenever there are "[a]ny other facts indicating that he should not sit as . . . military judge in the interest of having the trial and subsequent proceedings free from substantial doubt as to legality, fairness, and impartiality." Similarly, the ABA Standards, The Function of the Trial Judge, § 1.7 (1972), advises:

> The trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can reasonably be questioned.

The drafters of this provision explained in the Commentary appended thereto that

> the trial judge has an obligation to recuse himself whenever necessary to protect the right of the accused and of the public

---

1. In part, the judge informed the appellant that [a] plea of guilty is the strongest form of proof known to the law. And on your plea alone, without receiving any evidence, this court can find you guilty of the offenses to which you plead guilty, and impose sentence. Your plea will not be accepted unless you realize that by your plea you admit every element of these offenses to which you indicate you propose to plead guilty, and that

    you are pleading guilty because you really are guilty.

2. Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832.

3. For an excellent analysis of the trial judge's "discretion"—its forms, limits, and rationale— *see* Rosenberg, *Appellate Review of Trial Court Discretion*, 79 F.R.D. 173 (1975).

to an impartial trial. Canon 3 C(1), Code of Judicial Conduct (Final Draft, May 1972). The appearance of bias or prejudice can be as damaging to public confidence in the administration of justice as would be the actual presence of bias or prejudice. Orfield, *Recusation of Federal Judges*, 17 Buffalo L.Rev. 799 (1968). *See United States v. Head*, 2 M.J. 131 (C.M.A.1977).

■ Simply because a judge possesses—and has expressed, even publicly—predilections on an issue of law to be litigated before him does not mean that the judge is disqualified to sit and to resolve such issue. *Laird v. Tatum*, 409 U.S. 824, 93 S.Ct. 7, 34 L.Ed.2d 50 (Memorandum of Mr. Justice Rehnquist) (1972). As well, simply because a judge may have been made aware of certain factual circumstances involved in a case does not *necessarily* mean that he is disqualified to continue to preside. *See United States v. Hodges*, 22 U.S.C.M.A. 506, 47 C.M.A. 923 (1973), where the judge revealed that he had learned from a third party that the accused had sought a pretrial agreement with the convening authority which never came to fruition, but disclaimed any knowledge of the specifics of the negotiations and insisted that his knowledge of the accused's attempt would not affect his impartiality. This is true even when the judge has gained knowledge regarding the circumstances surrounding the offense itself through judicial inquiry into a guilty plea tendered by the accused but later rejected by the judge because the accused in the inquiry had set up matter inconsistent with guilt. *See United States v. Shackelford*, 2 M.J. 17 (C.M.A.1976); *United States v. Melton*, 1 M.J. 528 (A.F.C.M.R.1975), *pet. denied* 2 M.J. 159 (1976); *United States v. Cockerell*, 49 C.M.R. 567 (A.C.M.R.1974), *pet. denied* 23 U.S.C.M.A. 640 (1975). Mere exposure to such information does not *necessarily* cause the judge to

have reached any conclusions about the accused's culpability and legal liability (*see* paragraph 62*f*(10), Manual, *supra*) and the judge's "philosophical credentials [as a trained jurist] are sufficient to bar the appearance of impurity . . ." (*see* para. 62*f*(13), Manual, *supra*). *United States v. Hodges, supra*, 22 U.S.C.M.A. at 508, 47 C.M.R. at 925.

■ But "[t]he disciplined judicial mind should not be subjected to any unnecessary strain; even the most austere intellect has a subconscious." *United States v. Walker*, 154 U.S.App.D.C. 6, 8, 473 F.2d 136, 138 (1972). *Cf. United States v. Wright*, 5 M.J. 106 (C.M.A.1978). In a case such as this, where the judge not only has gained detailed knowledge of the factual basis for the offenses charged but also necessarily has been required to reach certain conclusions regarding an accused's factual and legal guilt—and to have *manifested* those conclusions by having accepted pleas of guilty and entering findings of guilt—both the fact and the appearance of "impurity" are presented by the judge's continuing to act as the factfinder in the trial. *See United States v. Jarvis*, 22 U.S.C.M.A. 260, 46 C.M.R. 260 (1973); *United States v. Melton, supra; United States v. Cockerell, supra.*

■ We hold that the judge in this case abused his discretion by continuing to preside in this trial by judge alone. Properly, he should have either recused himself from the trial entirely or, as an accused has no right to insist on trial by judge alone,[4] directed a trial by members.[5]

The decision of the United States Air Force Court of Military Review is reversed. The findings and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge FLETCHER concurs.

---

4. *United States v. Ward*, 3 M.J. 365 (C.M.A.1977). *Accord, United States v. Bryant*, 23 U.S.C.M.A. 326, 49 C.M.R. 660 (1975); *United States v. Morris*, 23 U.S.C.M.A. 319, 49 C.M.R. 653 (1975).

5. Even directing trial by members, however, is not foolproof. *See United States v. Shackel-*

*ford*, 2 M.J. 17 (C.M.A.1976), for "a turn of events [which] serves to illustrate the unforeseen risks which often accompany a refusal to step off a case once on notice of a version of the facts to which the actual factfinders are not entitled to be privy." *Id.* at 20 (footnote omitted).

COOK, Judge (dissenting).

Under Article 45, Uniform Code of Military Justice, 10 U.S.C. § 845, a plea of guilty can be vacated in the course of trial on various grounds, including the introduction of "matter inconsistent with the plea," and thereafter "the court shall proceed as though . . . [the accused] had pleaded not guilty." The article has consistently been observed and followed by this Court. Illustrative is *United States v. Walter*, 14 U.S.C.M.A. 142, 33 C.M.R. 354 (1963).

In *Walter*, the accused entered pleas of guilty to lesser offenses than some of those charged and to one offense as charged. After the Government had rested its case, defense counsel made certain assertions respecting accused's state of mind at the time of the offenses that were inconsistent with the intent element of the offenses to which the accused had pleaded guilty. The trial judge (then known as the law officer) conducted a hearing, without the court members present, to consider the impact, under Article 45, of the assertions on the pleas of guilty. As a result of the hearing, the accused changed his guilty pleas to pleas of not guilty, and the trial continued to conviction by the court members and the imposition of sentence. In this Court, the accused contended the trial judge erred to his prejudice by failing to declare a mistrial because the pleas of guilty "had been before the members of the court and their withdrawal could not suffice to remove them from consideration by the" members during their deliberations on the verdict. *Id.* at 144, 33 C.M.R. at 356. We rejected the contention. Referring to Article 45, the Court held that the fact the pleas of guilty had been before the court members did not invest the trial with such "possibility of unfairness" as to require declaration of a mistrial and submission of the charges to a different court-martial. *Id.* at 146, 33 C.M.R. at 358.

The Court's opinion here casts grave doubt upon the validity of Article 45. I do not share that doubt, although I recognize that in a particular case a judge may be disqualified because of influence upon him of previously acquired knowledge of the facts of the case. *See United States v.*

*Hodges*, 22 U.S.C.M.A. 506, 47 C.M.R. 923 (1973); and *United States v. Cockerell*, 49 C.M.R. 567 (A.C.M.R.1974), *pet. denied* 23 U.S.C.M.A. 640 (1975). On the record of this case, I have no doubt of the judge's continued impartiality, especially as the accused refused the judge's offer to vacate the earlier grant of his request for trial by judge alone. *See United States v. Shackelford*, 2 M.J. 17 (C.M.A.1976).

In a second assignment of error, the accused maintains that the convening authority refused to provide defense counsel with a copy of the record of trial to use, as necessary, during counsel's review of the post-trial advice of the staff judge advocate and that such refusal violates the rule prescribed in *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). *Goode* does not mandate service of a copy of the trial transcript; it requires only that "a copy of the written review required by Article 61 or 65(b), UCMJ, 10 U.S.C. § 861 or 865(b), be served on counsel for the accused." *Id.* at 6. The right of the defense to a trial transcript is provided for by Article 54(c), UCMJ, 10 U.S.C. § 854(c). Under that article, a copy of the record of trial must "be given to the accused as soon as [the record] is authenticated."

Defense counsel's response to the staff judge advocate's advice indicates he knew the accused had, in due time, received an authenticated copy of the record of trial. It indicates counsel was fully aware of his responsibility to review the staff judge advocate's advice within 5 days after service of a copy of it upon him. Nevertheless, he made no arrangements to obtain the accused's copy from him until after he was served with the advice. He excused his inaction on the ground that the "accused's copy of the Record is his own and he should not be placed in a position of being forced to part with it." That excuse impresses me as a gross elevation of form over substance. In my opinion, counsel's desire to further his personal convenience provides no justification to invoke the sanction of the *Goode* rule.

For the reasons indicated, I would affirm the decision of the Court of Military Review.