UNITED STATES, Appellee,

v.

Edward J. COOPER, Jr., Seaman, U. S. Naval Reserve, Appellant.

No. 33,696.
NCM 76 0986.

U. S. Court of Military Appeals.

Nov. 5, 1979.

For Appellant: *Lieutenant Karl Zobrist, JAGC, USNR; Lieutenant Lawrence W. Muschamp, JAGC, USN* (on brief).

For Appellee: *Lieutenant Colonel P. N. Kress,* USMC; *Captain Charles P. Mackin, Jr.,* USMCR; *Captain W. D. Blalock,* USMCR (on brief).

Opinion of the Court

PER CURIAM: *

Appellant was convicted by a special court-martial, consisting of a military judge alone, of aggravated assault, communicating threats, and possession of marijuana, in violation of Articles 128, 134 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 and 892, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $229 pay per month for 3 months and reduction to pay grade E–1. The convening authority approved the findings and sentence after rounding the forfeitures off to $229 pay per month for 3 months. The United States Navy Court of Military Review dismissed one of the threat specifications because the evidence was insufficient, but otherwise approved the findings and sentence. We granted review to determine

---

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confir- mation as a United States District Judge for the District of South Carolina.

whether the military judge committed prejudicial error when he failed to recuse himself after the defense had challenged him for cause.

This issue arose when the military judge rejected the appellant's two guilty pleas during the appellant's providency inquiry. The appellant had essayed to plead guilty to the charges of assault and communicating threats. However, during the military judge's inquiry into the providency of the appellant's guilty pleas, the appellant stated that he did not feel in his own mind that he was guilty of the alleged offenses. Consequently, the judge refused to accept the pleas and thereupon entered pleas of not guilty. After a short recess, the defense counsel requested an opportunity to *voir dire* the military judge to ascertain whether the military judge had formed an opinion that the appellant was in fact guilty of the two charges based upon information which the appellant revealed during his providency inquiry. The development of that *voir dire* follows, where the military judge eventually denied the appellant's challenge against him for cause:

DC: Your Honor, the accused has entered a plea of guilty to Charge I and the Specification, thereunder; Charge II and two Specifications, thereunder. Did you as judge, sir, make an inquiry which you regarded as thorough and complete into the circumstances which would constitute the accused's guilt of these offenses?

MJ: Yes, I did.

DC: Is it true, but for the fact that the accused did not believe in his own mind that he was guilty, of these offenses, you would have accepted his pleas of guilty?

MJ: I'm not sure what you mean by your question, counsel.

DC: The question is, we went through the . . . the judge went through the inquiry into the fact and circumstances which constituted the accused's guilt of the offenses. The question is, but for the fact that he did not say, "yes, I feel I'm really guilty," would you have accepted his plea of guilty?

MJ: I can only say, probably, counsel. However, I have not . . . something may come out later in the inquiry which would also have indicated I should not have accepted his plea of guilty. Certainly, the fact that he in his own mind feels that he is not guilty of the offenses, was sufficient to me that I should not accept his guilty plea.

DC: Notwithstanding the propriety of your accepting or rejecting his plea of guilty, did you form an opinion, based on the information that the accused had provided you with as to his guilt or innocence of the offense?

MJ: In my judicial capacity, I have formed an opinion as to the facts as related by the accused, yes.

DC: And, was that opinion that the accused was in fact guilty of these offenses?

MJ: My opinion was, that after I had established, after I had inquired of the accused into the facts surrounding, that he had admitted facts, establishing each and every element of the three offenses to which he had pled guilty, yes.

DC: Then the defense challenges the military judge for cause.

MJ: On what basis, counsel?

DC: The basis, that the judge has already formed an opinion as to the guilt or innocence of the accused, the charges to which a plea of guilty has been entered before the court.

MJ: Counsel, in my judicial capacity, I have formed an opinion. However, I will state right now that since a not guilty plea has been entered for the accused because of what turned out later in the inquiry, I am able . . . . I believe I am able, and I

am able to cast out any opinions that I have previously formed, and to cast out from my mind, and to disregard completely any comments that the accused made during the arraignment. And, I will do so in my judicial capacity. Your challenge is denied.

■ Primarily relying on paragraph 62f of the Manual for Courts-Martial, United States, 1969 (Revised edition), the appellant contends here that the military judge was disqualified to sit as an impartial fact finder since he had formed an opinion that the appellant was guilty of the crimes which he had pleaded guilty to, but said plea was later rejected by the judge. We do not agree.

■ Even though we recently observed in *United States v. Bradley*, 7 M.J. 332 (C.M.A.1979), that paragraph 62f(10), Manual, *supra,* cautions the trial judge not to preside over a case when "he has formed or expressed a positive and definite opinion as to the guilt or innocence of the accused as to any offense charged . . . ," nevertheless we recognized the judge may exercise some degree of discretion in deciding whether to grant a challenge for cause against himself or whether to recuse himself on his own motion. Yet, as *Bradley* indicates, mere exposure to information related by an accused during a providency inquiry into his or her proffered guilty plea, which the trial judge subsequently rejects, "does not *necessarily* cause the judge to have reached any conclusions about the accused's culpability and legal liability" as to render him disqualified. *United States v. Bradley, supra* at 334, citing paragraph 62f (10), Manual, *supra.* However, in cases like *Bradley,* where, after a thorough providency inquiry, during which the accused fully

and unequivocally admitted his guilt and, resultantly, "where the judge not only has gained detailed knowledge of the factual basis for the offenses charged but also *necessarily* has been required to reach certain conclusions regarding an accused's factual and legal guilt—and to have *manifested* those conclusions by having accepted pleas of guilty and entering findings of guilt," *United States v. Bradley, supra,* the trial judge has no choice and must recuse himself. (First emphasis added.)

The instant case is much different as reflected by the above-quoted colloquy. First, the appellant did not fully and unequivocally admit his guilt. Secondly, there is nothing in the colloquy that indicates that the trial judge had inexorably concluded that the appellant was guilty of the crimes he attempted to plead guilty to. In fact, the trial judge rather clearly stated that he could "only say, probably" that he would have accepted the appellant's guilty pleas if the appellant had not stated to him that he was not really guilty; and that "something may come out later in the inquiry which would also have indicated I should not have accepted his plea of guilty." Thus, unlike the *Bradley* case, the juncture where the judge would have been *necessarily* required to reach a definite conclusion concerning the appellant's innocence or guilt on the charges was never reached. Moreover, he never accepted the appellant's pleas and he never entered any findings of guilty.

We hold, therefore, that the trial judge did not abuse his discretion in denying the appellant's challenge for cause against the bench.

The decision of the United States Navy Court of Military Review is affirmed.