**UNITED STATES**

v.

**Raul Jaramillo SORIANO, 339 58 3470, Boatswain's Mate Second Class (E–5), U.S. Navy.**

**NMCM 82 0666.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 23 June 1981.

Decided 28 Dec. 1982.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LT Louis F. Sadler, JAGC, USNR, Appellate Defense Counsel.

CDR Richard A. Monteith, JAGC, USN, Appellate Government Counsel.

Before SANDERS, Senior Judge, and BOHLEN and MICHAEL, JJ.

MICHAEL, Judge:

Appellant was tried by general court-martial, by a court composed of officer members, on 3 and 15 May 1981 and on 11, 16, 22 and 23 June 1981 for violating Articles 85 and 131, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 885, 931. Contrary to his pleas, appellant was found guilty of Charge I, one specification alleging a violation of Article 86, UCMJ, 10 U.S.C. § 886, and Charge II, two specifications alleging violations of Article 131, UCMJ, 10 U.S.C. § 931. Appellant was sentenced to be confined at hard labor for one year, to forfeit all pay and allowances, to be reduced to pay grade E–1, and to be discharged from the service with a bad-conduct discharge. On 25 September 1981, the convening authority approved the findings of guilty and the sentence as adjudged.

At the first preliminary Article 39(a), UCMJ, 10 U.S.C. § 839(a) session of appellant's trial, the military judge indicated that there may be grounds for challenge against him and invited *voir dire* and/or challenges. (R. 5). The record of trial reveals that the military judge was also the military judge who presided over the special court-martial from which the current charges originated. (R. 49–50). At that special court-martial, the military judge, contrary to appellant's pleas and testimony, found him guilty of a violation of Article 121, UCMJ, 10 U.S.C. § 921, in the theft of six pistons and one air cooler, and sentenced appellant, *in absentia,* to confinement at hard labor for 4 months, to forfeit $275.00 pay per month for 4 months, and reduction to pay grade E–2. During that special court-martial, appellant, prior to the findings of the military judge, testified that he had no knowledge of the theft and manifested his innocence. Despite appellant's protestations of innocence, the military judge entered findings of guilty to the charge and specification.

Subsequent to findings but prior to sentencing at the special court-martial, the defense requested to reopen its case and present additional evidence. This request was granted by the military judge. At this point, appellant took the stand and again testified on his own behalf. The military judge then heard appellant recant his prior testimony and admit that he had lied to the court while under oath. Appellant admitted knowledge of the theft but insisted that he had been working undercover for the Naval Investigative Service (NIS) and his participation in the theft was merely part of an NIS scheme to catch another individual. (Appellate Exhibit XVI). After the government presented evidence to rebut appellant's "second explanation," the military judge reaffirmed his original findings of guilty. Appellant's contradictory statements made at the special court-martial form the basis for both specifications under Charge II in the case *sub judice.*

Charge I, and the single specification thereunder in the case *sub judice,* also had its origins in that prior special court-martial. While the military judge was deliberating on sentence, appellant voluntarily ab-

sented himself from naval authority; the military judge sentenced appellant *in absentia.* (R. 120).

The defense challenged the military judge for cause in the instant general court-martial premised on his previous association with the current charges. Appellant contends in his first assignment of error that the military judge erred by not granting that challenge:

THE MILITARY JUDGE ERRED TO THE APPELLANT'S PREJUDICE BY REFUSING TO RECUSE HIMSELF FROM APPELLANT'S TRIAL.

■ The decision to grant a challenge for cause or to recuse on the court's own motion is a matter left within the sound discretion of the military judge. *United States v. Bradley,* 7 M.J. 332 (C.M.A.1979); *United States v. Melton,* 1 M.J. 528 (A.F.C. M.R.1975), pet. denied, 2 M.J. 159 (C.M.A. 1976). *Accord, United States v. Cooper,* 8 M.J. 5 (C.M.A.1979). Denial of such a challenge is not to be overturned unless there has been a clear abuse of discretion.[1] *United States v. Melton, supra* at 530. Paragraph 62f (10), *Manual for Courts-Martial, 1969 (Rev.) (MCM)*, cautions members of general or special courts-martial and the military judge not to sit on a case if "he has formed or expressed a positive and definite opinion as to the guilt or innocence of the accused as to any offense charged, except that this shall not necessarily apply to a military judge who has formed or expressed such an opinion solely in his role as military judge sitting alone in a previous trial of the same or a closely related case."[2] Subsection 13 of that same paragraph similarly dictates recusal whenever there are "[a]ny other facts indicating that he should not sit

as a member or military judge in the interest of having the trial and subsequent proceedings free from substantial doubt as to legality, fairness, and impartiality." *See,* ABA Code of Judicial Conduct, Canon 3 C(1) and (2); ABA Standards I, Special Functions of the Trial Judge, 6–1.7 (1980).

In *Bradley* and *Cooper,* both *supra,* the Court of Military Appeals held that a military judge was not automatically precluded from sitting on a case even though he may have gained knowledge regarding the circumstances surrounding the offense itself through judicial inquiry into a guilty plea tendered by the accused but later rejected by the military judge because the accused in the providence inquiry set forth matters inconsistent with guilt. *See* paragraph 62f (10), *MCM.* The Court, however, cautioned that a trial judge should recuse himself where he has formed or expressed a definite opinion as to the guilt or innocence of the accused as to any offense charged. *Cooper, supra,* at 7; *Bradley, supra,* at 333.

Appellant contends in his brief before us that the military judge,

by the nature of his rulings and actions at the special court-martial, had formed and expressed definite opinions as to the guilt of the appellant regarding the offenses currently before this Honorable Court. Since the military judge at the special court-martial found the appellant guilty of the theft offense and later reaffirmed that finding, it is obvious that he believed that the appellant was not telling the truth when he had presented his explanations of the facts surrounding the theft. These unbelieved explanations formed the basis of the perjury charge and specifications. Furthermore, for the military

---

1. Whether there has been a clear abuse of discretion depends upon whether this Court finds that no reasonable person could have decided as did the military judge in denying the challenge. *United States v. Daniels,* 19 U.S.C. M.A. 518, 42 C.M.R. 120 (1970); 5A CJS Appeal and Error § 1583b. *Accord, United States v. Wholley,* 13 M.J. 574, 579 (N.M.C.M.R.1982).

2. Curiously, in quoting this subparagraph from the MCM in *United States v. Bradley, supra,* Judge Perry ended his quotation with the word

"charged" followed by an ellipsis. Reference was never made to the remainder of that subparagraph beginning with the word "except." Why language so clearly applicable to the issue in Bradley, as it is here, should have been ignored stands as a mystery and represents a regrettable lapse in comprehensive analysis. The same omission occurs in the per curiam opinion (in which Judge Perry participated) in *United States v. Cooper, supra,* which purported to quote from *Bradley.*

judge to have proceeded to sentence the appellant *in absentia* at the special court-martial, he would have had to conclude that the appellant had voluntarily commenced an unauthorized absence. Para. 11(c) (sic), *MCM*. This unauthorized absence/desertion was transformed into Charge I and its single specification thereunder in the case *sub judice*. Because of the extent of his exposure and involvement to (sic) the events that formed the basis for the general court-martial offenses, the military judge had formed and expressed preconceived opinions as to the guilt of the appellant and he erred by not recusing himself. Appellant's Assignments of Error and Brief at 4–5.

We do not agree with this assertion of error.

 The challenge asserted to the military judge at the instant trial was not based on a comment, or, indeed, on any previously expressed opinion by this military judge as to the guilt or innocence of the accused of any offense charged. The challenge was based only generally on the fact that the military judge presided at the first trial and allowed appellant, at the first trial, to re-open his case on the merits after having rested, which action was attacked at the instant trial as having constituted ineffective assistance of counsel. (R. 49–50). Appellant thus challenged the military judge at trial for a favorable ruling on a defense request at appellant's previous trial, and nothing more.

We consider subparagraph 62f (10), *MCM*, in its totality, to be dispositive of the issue raised in Assignment of Error I. Furthermore, we find no evidence that the military judge formed or expressed any opinion as to the guilt or innocence of appellant as to any offense charged in the case before us. Assuming *arguendo* that the military judge's rulings and participation in the prior special court-martial could be construed as definite conclusions as to the accused's guilt of the

instant offenses—and were manifested as such—recusal is not the sole remedy. As stated in *Bradley, supra* at 334, a military judge may direct a trial by members inasmuch as an accused has no right to insist on trial by military judge alone.[3] *United States v. Ward*, 3 M.J. 365, 367 (C.M.A. 1977). In this case the trial proceeded with members—thus further attenuating any possible prejudice to appellant and removing even the appearance of impropriety in the participation of the military judge. The first assignment of error is meritless.

We find that the remaining assignments of error, II through VIII, are disposed of adequately in appellate government counsel's reply brief, do not merit further discussion, and are without merit.

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge SANDERS and Judge BOHLEN concur.

---

**3.** We consider the cautionary language of *United States v. Shackelford*, 2 M.J. 17 (C.M.A. 1978), inapposite to the case at bar.