UNITED STATES, Appellee,

v.

Christopher L. HOWARD, Lance Corporal, U.S. Marine Corps, Appellant.

No. 98–0522.
Crim.App. No. 97–0424.

U.S. Court of Appeals for the Armed Forces.

Argued Dec. 16, 1998.

Decided July 1, 1999.

Sullivan, J., filed concurring opinion.

COX, C.J., delivered the opinion of the Court, in which SULLIVAN, CRAWFORD, GIERKE, and EFFRON, JJ., joined. SULLIVAN, J., filed a concurring opinion.

For Appellant: *Lieutenant Commander L.J. Lofton*, JAGC, USN (argued); *Lieutenant Syed N. Ahmad*, JAGC, USNR.

For Appellee: *Lieutenant Commander JoAnn W. Melesky*, JAGC, USN (argued); *Colonel Kevin M. Sandkuhler*, USMC, and *Lieutenant Kevin S. Rosenberg*, JAGC, USNR (on brief); *Commander D.H. Myers*,

JAGC, USN, and *Major Troy D. Taylor*, USMC.

Chief Judge COX delivered the opinion of the Court.

Appellant was convicted at a special court-martial of 1 specification of unauthorized absence, Art. 86, Uniform Code of Military Justice, 10 USC § 886, that began on June 20, 1996, and terminated on September 19, 1996, when he was apprehended. Appellant was sentenced to a bad-conduct discharge, confinement for 60 days, forfeiture of $500.00 pay per month for 2 months, and reduction to E–1. He pleaded guilty to the charge before a military judge, who acted as the sentencing authority.

During the presentencing portion of the trial, the Government introduced a prior conviction from June 1996 that appellant had for assault. *See* RCM 1001(b)(2), Manual for Courts–Martial, United States (1995 ed.) (allowing the Government to introduce personnel records to show appellant's prior service). The same military judge in the prior case presided over this case. The defense did not object to admission of this evidence. The Government did not introduce any amplifying evidence about the circumstances surrounding the conviction.

During the defense case for sentencing, appellant used an unsworn statement to explain his version of the circumstances surrounding the assault conviction. Appellant explained that he assaulted the victim because the victim was assaulting a member of his squad. Additionally, during the defense argument on sentencing, the trial defense counsel argued that appellant was only trying to "[do] the right thing in looking out for his junior Marines." During this argument, the military judge interrupted defense counsel and stated that, although he had awarded appellant "an unusually light sentence for a fractured jaw," he found him guilty because "he had exceeded any bounds" by kicking the victim in the head while he was already lying

on the ground, unable to get up. After this statement, appellant did not seek further *voir dire* or challenge the military judge.

Appellant argues that he was prejudiced because the military judge considered evidence from a previous court-martial that neither side had introduced into evidence in the sentencing phase of this court-martial. Appellant also contends that the military judge had a *sua sponte* duty to recuse himself from further consideration of appellant's case.*

On consideration of this issue, the Court of Criminal Appeals made the following findings:

> Before forum selection, the military judge properly revealed his rather comprehensive memory of the facts underlying the prior proceeding. *United States v. Oakley*, 33 MJ 27, 34 (CMA 1991). *See* RULE FOR COURTS-MARTIAL 902(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.). After doing so, both the trial defense counsel and the appellant specifically decided that they wanted this military judge to continue to preside over this case.

The court went on to hold:

> We note that it was the appellant and his defense counsel who introduced his version of the circumstances of the prior offense, no doubt as a matter in extenuation and mitigation. The conviction itself was admissible against the appellant as a matter in aggravation.... Had the appellant felt that the military judge's comment indicated that he would be unfair, he should have made a challenge for cause at that time. By not doing so, he waived the objection.

Unpub. op. at 1–2, 1998 WL 34952.

 We agree with the Court of Criminal Appeals that appellant waived any objection to the continued presence of the military judge. Absent any objection and the record that could have been developed in the course of litigating such an objection, there is no evidence that the military judge misstated

---

* We granted the following issue for review:

WHETHER THE MILITARY JUDGE ERRED WHEN HE CONSIDERED EVIDENCE FROM APPELLANT'S PREVIOUS COURT–MARTIAL

THAT HAD NOT BEEN INTRODUCED AT THIS COURT–MARTIAL AND THE FAILED TO RECUSE HIMSELF SUA SPONTE?

the public record in the prior case or otherwise demonstrated bias. Under the circumstances of this case, the military judge did not err in failing to recuse himself *sua sponte*.

We decided a related issue in *United States v. Oakley, supra*. There, we held that a judge who had presided over the trials of two coconspirators was not required to recuse himself from sitting at Oakley's trial. In that case, the military judge raised the issue himself; he assured the defense that he would resolve any motions and determine the accused's guilt based solely on the evidence; and that he had reached no conclusions about Oakley's guilt or an appropriate sentence, if necessary. 33 MJ at 34–35.

Here, as in *Oakley*, the military judge raised the issue *sua sponte* and allowed both the defense and prosecution the opportunity to *voir dire* him and make any challenges for cause. Both sides declined. Additionally, the military judge detailed his knowledge about appellant's prior conviction on the record.

Military and civilian judges are routinely tasked with hearing facts for limited purposes, which they later disregard if consideration would be improper. Suppression of confessions, consideration of the admissibility of other bad acts and wrongs under Mil. R.Evid. 404(b), Manual, *supra*, and rulings on the admissibility of hearsay are examples of these matters. Judges need not recuse themselves under these circumstances. *See United States v. Widgery*, 778 F.2d 325, 328 (7th Cir.1985); *United States v. Bradley*, 7 MJ 332, 334 (CMA 1979). "Simply because a judge possesses—and has expressed, even publicly—predilections on an issue of law to be litigated before him does not mean that the judge is disqualified to sit and to resolve such issue." *Id.* at 334, citing *Laird v. Tatum*, 409 U.S. 824, 93 S.Ct. 7, 34 L.Ed.2d 50 (Memorandum of Mr. Justice Rehnquist) (1972). "As well, simply because a judge may have been made aware of certain factual circumstances involved in a case does not *necessarily* mean that he is disqualified to continue to preside." *Id.*, citing *United*

*States v. Hodges*, 22 USCMA 506, 47 CMR 923 (1973).

■ Likewise, the judge's awareness of the factual circumstances surrounding appellant's previous conviction did not disqualify him from continuing to preside. *See United States v. Walker*, 473 F.2d 136, 138–39 (D.C.Cir.1972).

■ The judge's knowledge regarding the circumstances surrounding the offense admitted during sentencing did not prejudice appellant.

First, the military judge acknowledged on the record that he gave appellant a lighter sentence in the previous court-martial than one would normally expect for an assault offense, precisely because of the extenuating circumstances of the previous court-martial, and that he did not consider the prior offense serious. Second, the fact of the first court-martial was properly admitted as evidence of a prior conviction to be considered in aggravation on sentencing, regardless of who sat as military judge in the prior case.

Lastly, a military judge, looking at the record of appellant's prior conviction in conjunction with a lengthy unauthorized absence terminated by apprehension, would certainly be within his or her discretion to impose a sentence that includes confinement and a punitive discharge. The Court of Criminal Appeals reviewed this sentence and found it to be correct in both law and fact. Unpub. op. at 1.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (concurring):

I concur with the majority opinion. I write separately only to note briefly the following words of the Supreme Court in *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994):

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or *of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair*

*judgment impossible.* Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

(Emphasis added.) In the present case, trial defense counsel did not request *voir dire* of the military judge or challenge him following his comments. This proved to be a wise course of action because it is clear that the military judge's comments do not display a "deep-seated" antagonism toward appellant that made fair judgment of his case impossible.