*United States v. Lee*, 6 M.J. 96, 98 (C.M.A. 1978) (concurring opinion).

## UNITED STATES

### v.

**Senior Airman Richard D. FLYNN, FR 416–88–8908, United States Air Force.**

### ACM S25053.

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 June 1980.

Decided 13 May 1981.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Frederick J. Sujat, USAFR.

Before ARROWOOD, MAHONEY and MILLER, Appellate Military Judges.

## DECISION

ARROWOOD, Senior Judge:

In a special court-martial, judge alone, the judge entered findings of guilty to possession and transfer of marijuana in accordance with accused's pleas.* During the presentencing portion of the trial, the judge, after hearing the accused testify as to the possession and transfer of the marijuana charged in Specifications 1, 2 and 3 of the Charge, withdrew the plea and entered a plea of not guilty on behalf of the accused to these specifications. He indicated on the record that the accused's testimony had raised the defense of entrapment and that the original plea was therefore improvident.

He called the counsel's attention to the cases of *United States v. Bradley*, 7 M.J. 332 (C.M.A.1979) and *United States v. Cooper*, 8 M.J. 5 (C.M.A.1979), and stated:

> These cases thoroughly would indicate that having entered findings of fact that the accused's plea was provident, I would certainly be subject to challenge for cause. However, I wish to state for the record, that as far as the defense of entrapment is concerned, the court has an entirely open mind and would not be influenced by anything that I've heard thus far; similarly in proceeding at this point on the trial of not guilty of the specifications, I will indeed presume the accused to be not guilty, to be innocent and require the prosecution to prove the guilt of the accused with regard to all the elements of the offenses charged, and would base any findings that I would have to make, solely on the evidence that would be presented from this point on; and I believe that I am, and in fact, I know that I am, judicially able to disregard the

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens, and Captain Willard K. Lockwood.

---

\* The military judge found the accused not guilty of attempted sale of amphetamines and larceny, violations of Articles 80 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 921.

evidence that I've previously heard, and to disregard the statements made by the accused during the guilty plea inquiry. Now, with that in mind, does the defense desire to challenge me for cause?

Neither counsel, nor the accused wished to challenge him. He then recessed the court so counsel could prepare their case. When the court reconvened he heard the evidence and found the accused guilty as charged.

Appellate defense counsel now contend that the judge erred by failing either to recuse himself or direct a trial by members.

■ Whether to grant a challenge for cause against the judge and whether to recuse himself on his own motion are matters left within the sound discretion of the trial judge. It is grounds for challenge if

he has formed or expressed a positive and definite opinion as to the guilt or innocence of the accused as to any offense charged, except that this shall not necessarily apply to a military judge who has formed or expressed such an opinion solely in his role as a military judge sitting alone in a previous trial of the same or closely related case.

Manual for Courts-Martial, 1969 (Revised Edition), para. 62g(10).

The ABA Standards, The Function of the Trial Judge, § 1.7 (1972) states:

The trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can reasonably be questioned.

In *United States v. Bradley, supra,* the trial judge, after findings, permitted the guilty plea to be withdrawn when new evidence of an improper Article 32 investigation came to light. The accused then entered a plea of not guilty and challenged the trial judge to recuse himself. The judge refused and continued with the trial. With Judge Cook dissenting, the Court found the judge abused his discretion in continuing the trial by judge alone. The majority opinion was primarily based on the fact that the judge had expressed an opinion about the case by accepting the plea of guilty and entering findings of guilt. This was described as both the fact and the appearance of "impurity."

■ The case before us is quite different from *Bradley* and requires a different result. First, there was no objection to the judge continuing, in fact, there was a knowing and conscious waiver of the right to challenge him. Second, the issue which precipitated the change of the plea was a factual one, first recognized by the trial judge himself. It was obvious from his discussion that he had not decided the issue, for facts sufficient to raise the affirmative defense had not been presented when he entered findings of guilty.

While the MCM, 1969 (Rev.), para. 62g (10), does not specifically provide that the military judge alone could continue under these circumstances, it does provide, however, that he would not be disqualified from sitting alone in a rehearing of this same case. We see no real difference in the two situations and no reason why the judge should be prevented from handling the trial in the most expedient and economical manner. In either situation there would be no prejudice to the accused. From the record of this case we have no doubt of the judge's continued fairness and impartiality during trial nor do we believe, under these facts, his impartiality can be questioned by the accused or the public.

Having concluded that there are no errors materially prejudicial to the substantial rights of the accused, the findings of guilty and the sentence are

AFFIRMED.

MAHONEY and MILLER, JJ., concur.