UNITED STATES, Appellee,

v.

Private First Class Perry L. McELYEA, 425–35–4160, United States Army, Appellant.

CM 448508.

U.S. Army Court of Military Review.

24 July 1986.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, Captain Joseph Tauber, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Susan E. Fine, JAGC (on brief).

Before RABY, CARMICHAEL, and RICHARDSON, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

Appellant asserts that the military judge erred in denying an alleged defense motion to dismiss for lack of speedy trial. We disagree.

Appellant was timely brought to trial about 56 days after charges were preferred against him, 118 days after he was placed in administrative restriction and 119 days from the date of his apprehension by agents of the local Criminal Investigation Command Office. We are satisfied that the government did not violate Rule for Courts-Martial [hereinafter cited as RCM] 707(a).

We are further convinced, based on our examination of the entire record and the facts hereinafter discussed, that the government did not violate the speedy trial standard of the so-called *"Burton* rule",[1] or the speedy trial provision of either RCM 707(d) or Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810 (1982).

In this case, the military judge held that the accused had been subjected to 118 days of restriction tantamount to confinement, and ordered administrative (*Mason*)[2] credit of 118 days to be applied against appellant's sentence. However, in a response to a query by trial defense counsel regarding the effect of this ruling on the appellant's right to a speedy trial under the "90 day rule," the military judge stated:

It obviously was not confinement within the conventional sense, nor within the meaning of 90 day—the 90 day rule of confinement, but rather it's a mode of impressing ... the necessity for not imposing conditions upon one's liberty except pursuant to ... legitimate reasons....

\* \* \* \* \* \*

Indeed, under the facts of the case, as I indicated to begin with, I would never have treated it as tantamount to confine-

---

1. We consider RCM 707(d) to be an effective substitute for the rule established in *United States v. Burton,* 44 CMR 166 (C.M.A.1971). We, thus, choose henceforth to rely on RCM 707(d) and to consider the *Burton* rule obsolete. *See, e.g.,* Manual for Courts-Martial, 1984, Analysis to RCM 707(d) ("The [Burton] rule has been questioned by at least one judge.... Sub-section (d), together with the speedy trial requirements of this rule provide a basis for further reexamination of the *Burton* presumption.")

2. *United States v. Mason,* 19 M.J. 274 (C.M.A. 1985) (summary disposition).

ment because it obviously was not that....[3]

We find as fact that the terms of appellant's pretrial confinement were as follows: (a) he initially was restricted to the "unit" area,[4] his place of duty during duty hours, a place of worship for Sunday services, and the unit dining facility for meals; (b) he was required to sign in hourly with the Charge of Quarters, starting after normal duty hours and ending when appellant went to bed; (c) he was allowed to visit defense counsel when necessary without escort and during duty hours; (d) an escort was required to accompany appellant outside the area of restriction, except no escort was required on weekends; (e) there were no bed checks; (f) appellant was allowed to visit the main Post Exchange with an escort; (g) he was allowed to attend his girlfriend's off-post court appearance with an escort; and, (h) he continued to perform normal duties, and was allowed to go from barracks to his place of duty and back without an escort.

We further find that between 21 to 31 days after being placed on restriction, the terms of the restriction were unofficially relaxed so that: (a) an hourly sign-in was no longer required; (b) appellant could visit the nearby Post Exchange shoppette, barber shop, and snackbar without an escort; and, (c) he was allowed to move freely around the battalion area without an escort.

■ We find that the most stringent terms of appellant's pretrial restriction were *not* so severe as to constitute restriction tantamount to confinement for any purposes. *Compare Wiggins v. Green-*

wald, 20 M.J. 823, 824 (A.C.M.R.), *writ appeal pet. denied,* 20 M.J. 196 (C.M.A. 1985) *and Washington v. Greenwald,* 20 M.J. 699, 700–701 (A.C.M.R.), *writ appeal pet. denied,* 20 M.J. 324 (C.M.A.1985) *with United States v. Smith,* 20 M.J. 528, 530 (A.C.M.R.), *pet. denied,* 21 M.J. 169 (C.M. A.1985) *and United States v. Schilf,* 1 M.J. 251, 252 (C.M.A.1976). However, in the interests of judicial restraint, we normally will not overturn this type of factual determination by the military judge except on the basis of an abuse of discretion. We will not find such an abuse "unless the government convinces this court 'there was no evidentiary basis for [the military judge's] factual conclusions.' "[5] *United States v. Gregory,* 21 M.J. 952, 954 (A.C.M. R.), *certif. for review filed on other grounds,* 22 M.J. 177 (C.M.A.1986).

■ Applying this standard to appellant's circumstances, we find that the record reflects a *minimal* evidentiary basis for the military judge's findings that restriction was tantamount to confinement for the initial 31 days of his pretrial restraint,[6] but that no basis exists for his finding that appellant's restriction was tantamount to confinement after that 31–day period, when the terms of appellant's restriction clearly were relaxed and were not being enforced as ordered.

■ Since appellant was in restriction tantamount to confinement for a period of only 31 days, and not for a period of 90 days or more, we find that neither the old *Burton* (90–day) speedy trial rule nor the new RCM 707(d) (90–day) speedy trial rule were violated. Thus, we need not deter-

---

3. Previously, the military judge had opined, "[u]nder the facts and circumstances of the case ... such restriction would not have been tantamount to confinement. But the commanding officer himself obviously intended ... this restriction to serve as a lesson to the other folks in the unit, and that is the equivalent of punishment...."

4. The term "unit" was not further defined for appellant or for his immediate supervisors by the battery commander, but was meant to be the battery area.

5. This court, of course, has independent fact finding power under Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c) (Supp. I 1983); and, we can exercise that power in our discretion, subject only to the statutory requirement that we "[recognize] that the trial court saw and heard the witnesses."

6. If we were ruling on this issue as one of first impression, we would have found that none of this pretrial restriction period was tantamount to confinement for any purpose.

mine whether 90 days of restriction tantamount to confinement for *Mason* credit purposes automatically triggers a 90–day speedy trial rule.

The findings of guilty are affirmed.

■ We note that the convening authority did not express that portion of appellant's sentence pertaining to partial forfeitures in an even dollar amount, *cf.* RCM 1003(b)(2), and will act to correct this administrative oversight.

■ Only so much of the sentence is affirmed as provides for a bad conduct discharge, confinement for 20 months, forfeiture of all pay and allowances for 20 months, forfeiture of $395.00 pay per month for an additional period of 10 months, and reduction to the grade of Private E–1.[7]

Judge CARMICHAEL and Judge RICHARDSON concur.

---

**7.** Notwithstanding the abuse of discretion which occurred in this case *and our express statutory fact-finding power,* we believe we *currently* are constrained to retain appellant's 118 days of administrative credit and not to readjust it to a credit of 31 days. *United States v. Bower,* 21 M.J. 400 (C.M.A.1986) (summary disposition) (law of the case theory apparently grounded on strong equitable considerations).