**UNITED STATES, Appellee,**

v.

**Private First Class Richard G. PETER-SON, Jr.,\* 266–97–3642, United States Army, Appellant.**

**SPCM 22060.**

U.S. Army Court of Military Review.

28 Nov. 1986.

Reconsideration Denied Jan. 12, 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Craig E. Teller, JAGC, Captain Pamela G. Montgomery, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Samuel J. Rob, JAGC, Margaret I. Johnson, Legal Intern (on brief).

Before DeFORD, WILLIAMS and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

On 31 October 1985, appellant was convicted of unlawful distribution of marijuana in violation of Article 112a, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. § 912a (Supp. II 1984), by a military judge sitting as a special court-martial at Fort Polk, Louisiana. His approved sentence included a bad-conduct discharge, confinement for two months, forfeiture of $400.00 pay per month for two months, and reduction to the grade of Private E–1.

On appeal, appellant alleges the court-martial failed to give adequate consideration to defense evidence submitted in extenuation and mitigation of punishment. Further, the court specified an issue as to whether the military judge, after changing the appellant's plea to the Charge and its Specification from guilty to not guilty after entering findings on a guilty plea, should have recused himself, or, alternately, directed a trial before members. Because of our resolution of the specified issue, only that issue will be addressed.

At arraignment, the accused entered a plea of guilty. Following that plea, the military judge held an extensive providence inquiry from which he determined that ap-

---

\* The convening authority's action fails to reflect that the accused's name is Richard G. Peterson, "Jr.".

pellant had knowingly committed the offense charged. The appellant described in detail the manner in which the offense had been committed and, in addition, admitted using marijuana following the unlawful distribution. The military judge held that appellant was in fact guilty, accepted his plea, and entered appropriate findings of guilty. Subsequently, during the sentencing phase of the trial, appellant testified concerning the specification to which he had pled guilty that Adam Grobelny had begged him upon multiple occasions to provide the illegal substance to Grobelny's friend.

As a consequence of the appellant's statements concerning Grobelny's multiple entreatments to purchase marijuana, the military judge set aside the accused's plea of guilty and entered a plea of not guilty on his behalf. He then stated to the defense counsel that he felt he could disregard what he previously had heard and decide the case strictly on what was to be presented thereafter. He offered the defense the opportunity to withdraw their request for trial by military judge alone. The defense declined. Trial continued as a contested case on the merits. Appellant was convicted and subsequently sentenced.

The Manual for Courts-Martial, United States, 1984 [hereinafter cited as M.C.M., 1984], Rule for Courts-Martial [hereinafter cited as R.C.M.] 902 provides in part:

(a) *In General.* Except as provided in subsection (e) of this rule, a military judge shall disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned.

(b) *Specific Grounds.* A military judge shall also disqualify himself or herself in the following circumstances:

(1) Where the military judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.

•　　•　　•　　•　　•

(3) Where the military judge has been or will be a witness in the same case, is the accuser, has forwarded charges in the case with a personal recommendation

as to disposition, or *except in the performance of duties as military judge in a previous trial of the same or a related case, has expressed an opinion concerning the guilt or innocence of the accused.*

•　　•　　•　　•　　•

(e) *Waiver.* No military judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b) of this rule. Where the ground for disqualification arises only under subsection (a) of this rule, waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

(Emphasis supplied.)

In *United States v. Bradley,* 7 M.J. 332 (C.M.A.1979), the court determined the military judge abused his discretion in denying a defense motion to recuse himself even though he had permitted the defense to withdraw their request for trial by judge alone, which they declined to do. There, the accused had entered pleas of guilty to eight of eleven specifications, and the judge entered findings of guilty accordingly. During the trial on the latter three specifications, a defect in the Article 32, UCMJ, investigation became apparent. The defense counsel moved to withdraw the guilty pleas to the other eight specifications, and the military judge, determining that good cause was shown, granted the motion and entered pleas of not guilty to those eight specifications. The judge then sat alone as the factfinder. The court stated:

[W]here the judge not only has gained detailed knowledge of the factual basis for the offenses charged but also necessarily has been required to reach certain conclusions regarding an accused's factual and legal guilt—and to have *manifested* those conclusions by having accepted pleas of guilty and entering findings of guilt—both the fact and the appearance of "impurity" are presented by the judge's continuing to act as the factfinder [sic] in the trial. [Citations omitted.]

*United States v. Bradley*, 7 M.J. at 334 (emphasis in original). *United States v. Kincheloe*, 14 M.J. 40 (C.M.A.1982), a case decided prior to R.C.M. 902, dealt with the question of the disqualification of an appellate military judge. There, the court applied 28 U.S.C. § 455,[1] the federal statute concerning disqualification of judges. The court stated in pertinent part:

It is axiomatic that *no* judge can participate in the adjudication of a case if he is not "a neutral and detached judge." *Ward v. Village of Monroeville*, 409 U.S. 57, 62, 93 S.Ct. 80, 84, 34 L.Ed.2d 267, 272 (1972); *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927). Inherent in any judge's role are the requirements of impartiality and basic fairness to the parties. Moreover, military justice is firmly committed to this proposition:

[T]he court's actions and deliberations must not only be untainted, but must also avoid the very appearance of impurity. *Cf. Johnson v. United States*, 318 U.S. 189, 87 L.Ed. 704, 63 S.Ct. 549; *United States v. Atkinson*, 297 U.S. 157, 80 L.Ed. 555, 56 S.Ct. 391; *Ryan v. United States*, ... [191 F.2d 779 (DC Cir)].

. . . . .

Thus, the test is whether a reasonable person who knew all the facts would question [the judge's] impartiality. *United States v. Mirkin*, 649 F.2d 78, 82 (1st Cir.1981); *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir.1978); *United States v. Cowden*, [545 F.2d 257, 265 (1st Cir.1976), *cert. denied*, 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977)]. Moreover, as additional guidance in determining whether a judge's impartiality has been so impugned as to require his recusal under § 455(a), *Blizard v. Frechette*, 601 F.2d 1217, 1221 (1st Cir.1979),

states: "A trial judge must hear cases unless some reasonable factual basis to doubt the impartiality or fairness of the tribunal is shown by some kind of probative evidence." [Footnote omitted.] Therefore, an allegation of partiality must be supported by facts or "some kind of probative evidence" which would warrant a reasonable inference of lack of impartiality on the judge's part. Mere suspicion or conjecture will not suffice.

*United States v. Kincheloe*, 14 M.J. at 48, 50 (emphasis in original).

The Analysis of Rule for Courts-Martial 902(b)(3), M.C.M.1984, App. 21, A21–46, provides that the purpose of R.C.M. 902(b)(3) is to be analogous to that of 28 U.S.C. § 455(b)(3). Consequently, the standard set forth in R.C.M. 902(b)(3) and the test derived therefrom is objective.

Applying the foregoing standard to the facts before us, the military judge had, during the providence inquiry, heard appellant's admissions of his guilt and the detailed description of the commission of the charged offense. Further, during the sentencing proceeding and prior to the military judge's action setting aside the plea, appellant testified under oath concerning his use of marijuana since elementary school and his use of marijuana in the Army. Appellant cited various occasions on which he had distributed as well as used marijuana and named some of the persons involved with him in those illegal activities.

The military judge had satisfied himself that the appellant was in fact guilty and accepted his plea. He had placed his judicial stamp of approval upon the appellant's plea of guilty and entered findings thereon.

1. Disqualification of justice, judge, or magistrate:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

. . . . .

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

. . . . .

It is of no moment that the military judge announced he could disregard what was previously heard and begin anew after rejecting appellant's plea. This is so, even after offering the defense the opportunity to withdraw their judge alone request. For, as noted above, the standard is objective not subjective. Any reasonable person who was aware of all the facts of this case would, by necessity, question the military judge's impartiality. Here, "both the fact and the appearance of 'impurity' are presented by the judge's continuing to act as the fact finder in the trial." *United States v. Bradley*, 7 M.J. at 334. The judge "should have either recused himself from the trial entirely or, ... directed a trial by members." *Id.*

In view of the foregoing, the appellant's first assignment of error raised under *United States v. Grostefon*, 12 M.J. 431 (C.J.A.1982) is moot.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

KENNETT, Judge, concurring in the result.

I concur in the result reached by the Senior Judge and agree that *United States v. Bradley*, 7 M.J. 332 (C.M.A.1979), is the controlling precedent. *Bradley* sets forth a very simple procedure for military judges, to wit: if the accused's pleas are changed from guilty to not guilty after the judge enters findings of guilty, the judge must either recuse himself or direct a trial with members. *Bradley*, 7 M.J. at 334. *See United States v. Cooper*, 8 M.J. 5, 7 (C.M.A.1979). This procedure needs neither objective nor subjective analysis: it is a mandatory decision dictated by the timing of the change in pleas, that is, either before or after findings. Likewise, the nonwaivable grounds for disqualification of a military judge set forth in R.C.M. 902(b)(3) need neither objective nor subjective analysis. Again, purely factual matters determine the ground(s) for disqualification: (1) Has the military judge been or will he be a witness in the same case?; (2) Is the military judge the accuser?; (3) Has the military judge forwarded charges in the case with a personal recommendation as to disposition?; and (4) Has the military judge expressed an opinion concerning the guilt or innocence of the accused except in the judge's performance of duties as military judge in a *previous* trial of the same or a related case? The operative words in the last disqualification, "previous trial," are, of course, not equivalent to "same trial." Thus, as here, if the military judge has expressed an opinion concerning the accused's guilt by entering findings of guilty in the *same trial* in which the pleas are later changed from guilty to not guilty for any reason, the judge is disqualified under R.C.M. 902(b)(3), and cannot accept a waiver of that disqualification under R.C.M. 902(e).

I decline to follow the decision of the Air Force Court of Military Review in *United States v. Flynn*, 11 M.J. 638 (A.F.C.M.R.), *petition denied*, 12 M.J. 23 (C.M.A.1981), as I believe the Air Force Court mistakenly ignored the specific mandate of judge disqualification set forth in *Bradley*.

WILLIAMS, Judge, dissenting.

After hearing matters from appellant during the sentencing portion of the trial which appeared to raise the issue of entrapment, the military judge had the following discussion with the defense counsel:

MJ: I am going to set aside the plea and enter a plea of not guilty. Captain [W], you and your client previously submitted a request for trial by the military judge alone. For the record, I feel I can disregard what I have heard so far and decide the case strictly on what's presented to me from this point on. However, I will give you an opportunity to withdraw that request for trial by military judge alone.

DC: Sir, the accused does not wish to withdraw that. The defense does not wish to withdraw that request.

MJ: So, you still wish to have trial by military judge alone?

DC: Yes, Your Honor.

MJ: And have the case heard by me?

DC: Yes, sir.

MJ: Very well....

The judge then presided over a trial on the merits during which the government was required to prove and did prove appellant's guilt beyond a reasonable doubt of the offense of distribution of marijuana. Defense counsel vigorously cross-examined prosecution witnesses but rested without presenting evidence. The following colloquy then occurred:

MJ: Captain [W], during the providency [sic] inquiry the accused did indicate that there may be the possibility of a defense of entrapment. And there has been nothing presented by the defense in its case concerning that issue. Have you had an opportunity to discuss that issue with your client? ·

DC: Your Honor, I have discussed it with my client today and previous to today. We have discussed it. And the defense does not intend to ever raise entrapment in this case. What occurred did not arise [sic] to the level of entrapment and the defense does not intend to raise it, sir.

MJ: Very well. Is that correct PFC Peterson. Have you had an opportunity to discuss that defense of entrapment with Captain [W]?

ACC: Yes, sir.

MJ: And you understand what's involved in the defense of entrapment?

ACC: Yes, sir.

MJ: And it's correct that it is not your intention to try and raise that defense today?

ACC: Yes, sir.

MJ: Understanding, of course, that you always have the right not to take the stand, no one can force you to take the stand and testify. Do you understand that?

ACC: Yes, sir.

After hearing argument on findings from the government and after giving the defense an opportunity to argue, which was declined, the judge closed the court, deliberated, and found appellant guilty as charged.

Relying on the holding in *United States v. Bradley*, 7 M.J. 332, my brother judges find the trial judge should have recused himself *sua sponte* after he decided the guilty plea was improvident, or, alternatively, directed trial by members, regardless of the appellant's desires. Senior Judge De-Ford, applying the current generally accepted objective standard, also finds that a reasonable person who knew all the facts would question the judge's impartiality in this trial. I disagree with both positions and would affirm both the findings and the sentence.

In *United States v. Bradley*, the trial judge, after findings, permitted guilty pleas to be withdrawn when new evidence of an improper Article 32(a), UCMJ, investigation came to light. The accused then entered pleas of not guilty and challenged the judge to recuse himself. The judge refused and continued with the trial. With Judge Cook dissenting, the Court of Military Appeals found the judge abused his discretion by continuing to act as the fact finder in the trial. The majority opinion seemed to be primarily based on the fact that the judge had reached conclusions regarding the accused's factual and legal guilt and manifested those conclusions by accepting the pleas of guilty and entering findings of guilt. He had, in other words, expressed an opinion about the guilt of the accused. This was described as both the fact and the appearance of impurity. *United States v. Bradley*, 7 M.J. at 332–35.

The *Bradley* holding was reiterated in *United States v. Cooper*, 8 M.J. at 5, where the Court of Military Appeals was again faced with the issue of whether the trial judge committed prejudicial error when he failed to recuse himself after the defense challenged him for cause. In *Cooper*, the issue arose when the trial judge rejected the accused's two guilty pleas during the providence inquiry after the accused stated he did not feel in his own mind that he was guilty of the alleged offenses. In a *voir*

*dire* colloquy quoted in the opinion, the trial judge in *Cooper* said he had made an inquiry which he regarded as thorough and complete into the circumstances which would constitute the accused's guilt of the offenses. He went on to say he had formed an opinion in his judicial capacity as to the facts as related by the accused, and the accused had admitted facts establishing each and every element of the offenses to which he had pled guilty. Had the accused not stated his belief he was not guilty, the trial judge said he would "probably" have accepted the guilty plea. *United States v. Cooper*, 8 M.J. at 6–7.

Commenting on the above, the *Cooper* court stated:

> Even though we recently observed in *United States v. Bradley*, 7 M.J. 332 (C.M.A.1979), that paragraph 62*f*(10), Manual, *supra* [MCM, 1969], cautions the trial judge not to preside over a case when "he has formed or expressed a positive and definite opinion as to the guilt or innocence of the accused as to any offense charged ...," nevertheless we recognized the judge may exercise some degree of discretion in deciding whether to grant a challenge for cause against himself or whether to recuse himself on his own motion. Yet as *Bradley* indicates, mere exposure to information related by an accused during a providenc[e] inquiry into his or her proffered guilty plea, which the trial judge subsequently rejects, "does not *necessarily* cause the judge to have reached any conclusions about the accused's culpability and legal liability" as to render him disqualified. *United States v. Bradley*, *supra* at 334, *citing* paragraph 62*f*(10), Manual, *supra*. However, in cases like *Bradley*, where, after a thorough providenc[e] inquiry, during which the accused fully and unequivocally admitted his guilt and, resultantly, "where the judge not only has gained detailed knowledge of the factual basis for the offenses charged but also *necessarily* has been required to reach certain conclusions regarding an accused's factual and legal guilt—and to have *manifested* those con-

> clusions by having accepted pleas of guilty and entering findings of guilt," *United States v. Bradley*, *supra*, the trial judge has no choice and must recuse himself. (First emphasis added.)

> The instant case is much different.... First, the appellant did not fully and unequivocally admit his guilt. Secondly, there is nothing ... that indicates that the trial judge had inexorably concluded that the appellant was guilty of the crimes he attempted to plead guilty to. In fact, the trial judge rather clearly stated that he could "only say, probably" that he would have accepted the appellant's guilty pleas if the appellant had not stated to him that he was not really guilty; and that "something may come out later in the inquiry which would also have indicated I should not have accepted his plea of guilty." Thus, unlike the *Bradley* case, the juncture where the judge would have been *necessarily* required to reach a definite conclusion concerning the appellant's innocence or guilt on the charges was never reached. Moreover, he never accepted the appellant's pleas and he never entered any findings of guilty.

> We hold, therefore, that the trial judge did not abuse his discretion in denying the appellant's challenge for cause against the bench.

*United States v. Cooper*, 8 M.J. at 7.

Likewise, in *United States v. Flynn*, 11 M.J. 638 (A.F.C.M.R.), *petition denied*, 12 M.J. 23 (C.M.A.1981), a case factually very similar to appellant's, the Air Force Court of Military Review considered the implications of *Bradley* and *Cooper* where:

> [i]n a special court-martial, judge alone, the judge entered findings of guilty to possession and transfer of marijuana in accordance with accused's pleas.... During the presentencing portion of the trial, the judge, after hearing the accused testify as to the possession and transfer of the marijuana ..., withdrew the plea and entered a plea of not guilty on behalf of the accused to these specifications. He indicated on the record that

the accused's testimony had raised the defense of entrapment and that the original plea was therefore improvident.

He called the counsel's attention to the cases of *United States v. Bradley*, 7 M.J. 332 (C.M.A.1979) and *United States v. Cooper*, 8 M.J. 5 (C.M.A.1979), and stated:

These cases thoroughly would indicate that having entered findings of fact that the accused's plea was provident, I would certainly be subject to challenge for cause. However, I wish to state for the record, that as far as the defense of entrapment is concerned, the court has an entirely open mind and would not be influenced by anything I've heard thus far; similarly in proceeding at this point on the trial of not guilty of the specifications, I will indeed presume the accused to be not guilty, to be innocent and require the prosecution to prove the guilt of the accused with regard to all the elements of the offenses charged, and would base any findings that I would have to make, solely on the evidence that would be presented from this point on; and I believe that I am, and in fact, I know that I am, judicially able to disregard the evidence that I've previously heard, and to disregard the statements made by the accused during the guilty plea inquiry. Now, with that in mind, does the defense desire to challenge me for cause?

Neither counsel, nor the accused wished to challenge him. He then recessed the court so counsel could prepare their case. When the court reconvened he heard the evidence and found the accused guilty as charged.

*United States v. Flynn*, 11 M.J. at 639–40.

As did the Court of Military Appeals in *United States v. Cooper*, 8 M.J. at 7, the Air Force Court of Military Review found:

The case before us is quite different from *Bradley* and requires a different result. First, there was no objection to the judge continuing, in fact, there was a knowing and conscious waiver of the

right to challenge him. Second, the issue which precipitated the change of the plea was a factual one, first recognized by the trial judge himself. It was obvious from his discussion that he had not decided the issue, for facts sufficient to raise the affirmative defense had not been presented when he entered findings of guilt.

*United States v. Flynn*, 11 M.J. at 640.

I also find the case before us is quite different from *Bradley* and requires a different result.

First, although appellant had apparently fully and unequivocally admitted his guilt during the providence inquiry, statements he made during the sentencing part of the trial indicated to the trial judge the original suggestion and initiative to commit the offense may have originated with the government and appellant may not have been predisposed to commit the offense. In light of those statements, appellant's pre-findings admissions, apparently full and unequivocal standing alone, were neither. In reopening the providence inquiry, the trial judge took great care to determine what caused the appellant to distribute marijuana and what his state of mind was when he distributed the marijuana. In doing so, the trial judge discovered some information that properly caused him to question the propriety of the admissions he had heard before.

Second, once the trial judge determined appellant's plea was improvident, it was obvious he had not inexorably concluded the appellant was guilty of the crime he attempted to plead guilty to. In fact, one gets just the opposite impression from his discussions with trial defense counsel and the accused. Instead of exhibiting an unyielding, incapable of being persuaded attitude, the trial judge was clearly open-minded on the issue of guilt at that point and willing to be persuaded by any further evidence offered by either side.

Third, although, like the *Bradley* case, the "juncture" where the trial judge would have been necessarily required to reach a definite conclusion concerning the appel-

lant's innocence or guilt on the charges was reached and passed, since he accepted the appellant's plea and entered findings of guilty, it is clear the trial judge judicially returned to a point in the trial *before* that "juncture," as in the *Flynn* case. He did so by setting aside the finding of guilty, entering a plea of not guilty for appellant, requiring the government to prove the charged offense beyond a reasonable doubt, and by assuring the defense he could disregard what he had heard so far and decide the case strictly on what was presented to him from that point on. In doing so, under the facts of this case, I believe the judge's "disciplined judicial mind ..." was not "subjected to any unnecessary strain ...," and his "philosophical credentials [as a trained jurist] ..." were "sufficient to bar the appearance of impurity...." *United States v. Bradley,* 7 M.J. at 334 (citations omitted).

Fourth, there was no objection to the trial judge continuing as fact finder. In fact, although appellant was given the opportunity to withdraw his request for trial by military judge alone, he specifically elected not to do so and to have the case heard by the same judge. In my view, that significantly distinguishes appellant's case from *Bradley.* I am aware the standard in this area is, and agree it should be, whether a reasonable person who knew all the facts would question the judge's impartiality. *United States v. Kincheloe,* 14 M.J. at 50 (citations omitted). However, it is an important consideration, in applying the test, that appellant, who did know all the facts and who had the most to lose from trial before a judge who was biased, did not object. Subjectively, it appears he had no doubt about continuing to receive a fair and impartial trial by the trial judge. The reason is obvious from reading the record. Because of the conscientious way the trial judge performed his duties in this case, no reasonable person who knew all the facts

would question his impartiality. Accordingly, if, as I believe, *Bradley* and R.C.M. 902(b)(3) did not require the trial judge to recuse himself, or, alternatively, to direct trial by members, I would interpret appellant's failure to object to the judge's continuing as fact finder as a waiver under R.C.M. 801(g) of whatever rights appellant may have had under R.C.M. 902(a) to have the judge disqualify himself. Assuming, *arguendo,* all the facts the trial judge heard during the providence inquiry and during the sentencing part of the trial before he entered a plea of not guilty for the appellant caused the subsequent proceeding to be one "in which that military judge's impartiality might reasonably be questioned" under R.C.M. 902(a), I believe appellant's personal knowledge of all that had transpired before in the trial equaled the "full disclosure on the record of the basis for disqualification" required by R.C.M. 902(e) before a waiver could be accepted.[2]

Fifth, the issue which precipitated change of the plea was a factual one, first recognized by the military judge himself. As in *Flynn,* it was obvious from his discussion that the judge had not decided the issue, for facts sufficient to raise the affirmative defense of entrapment had not been presented when he first entered findings of guilty.

Like paragraph 62*f*(10), MCM, 1969, which preceded it, while R.C.M. 902(b)(3) does not specifically provide the military judge alone could continue after expressing an opinion concerning the guilt of the accused by announcing findings in the performance of his duties as military judge, it does provide he would not be disqualified from sitting alone in a rehearing of the same case. This apparently permits the real but ridiculous and incongruous possibility that, when this case is returned for rehearing as a result of my brother judges'

---

**2.** R.C.M. 902(e) provides:

(e) *Waiver.* No military judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b) of this rule. Where the

ground for disqualification arises only under subsection (a) of this rule, waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

opinions, the same military judge is permitted to act as fact finder in the case alone later even though he was disqualified from doing so earlier. As did the court in *Flynn*, "[I] see no real difference in the two situations and no reason why the judge should be prevented from handling the trial in the most expedient and economical manner. In either situation there would be no prejudice to the accused." *United States v. Flynn*, 11 M.J. at 640.

It seems to me the kind of "expressed ... opinion concerning the guilt or innocence of the accused," R.C.M. 902(b)(3), which was meant to be an unwaivable disqualifying circumstance is one that arises outside the context of the trial. I believe the generally followed rule in this area of law requires that real or apparent personal bias or prejudice necessary to disqualify a judge (like an expressed opinion concerning the guilt ‘or innocence of the accused) should arise from an "extrajudicial source" resulting in or reasonably giving the appearance that it could result in an opinion on the merits based on something other than what the judge learned from participating in the case.[3] *Cf. United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966) (bias and prejudice to be disqualifying must stem from extra-judicial source). For example, if, in the case before us, the military judge had opined in casual conversation at a dinner party, "Oh, I already know Peterson's

guilty from what I've heard tonight; we've just got to go through the procedures tomorrow to make it legal," I would have no problem finding he was disqualified under R.C.M. 902(b)(3). Even if it turned out the judge made the comment in jest, I would still say he was disqualified because of the "appearance of impurity" such an expressed opinion creates. That is the kind of expressed opinion which raises questions about the integrity of the trial process in the mind of the reasonable person, and it is at such threats to public confidence in the judicial system that R.C.M. 902(b)(3) is aimed. The "opinion" expressed by the trial judge when he initially announced findings of guilty in the performance of his judicial duties and based on things he had learned from participating in this case did not have the same potentially damaging effect.

After closely examining the record of this case, I have no doubt of the judge's continued fairness and impartiality during trial and do not believe, under these facts, his impartiality can reasonably be questioned by the accused or the public. *United States v. Flynn*, 11 M.J. at 640.

---

3. See Judicial Disqualification Under Canon 3C of the Code of Judicial Conduct by Leslie W. Abramson, American Judicature Society, 25 E. Washington, Suite 1600, Chicago, Illinois 60602, for a comprehensive discussion of this area and for numerous examples of the "extrajudicial source" rule.