UNITED STATES, Appellee,

v.

Private E–2 James A. PIERCE,
534–88–6729, United States
Army, Appellant.

ACMR 8700048.

U.S. Army Court of Military Review.

30 Oct. 1987.

For Appellant: Major Marion E. Winter, JAGC, Captain Ralph L. Gonzales, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Thomas E. Booth, JAGC (USAR) (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Senior Judge:

Pursuant to his pleas, a military judge sitting as a general court-martial found appellant guilty of larceny of government property of a value in excess of $2,000.00, wrongful appropriation of an automobile, two specifications of assault consummated by a battery, drunk and disorderly conduct and two specifications of absent without authority. He was sentenced to a bad-conduct discharge, confinement for thirteen months, total forfeitures and reduction to Private E–1. In accordance with a pretrial agreement, the convening authority approved the sentence except that he reduced the confinement to ten months and approved forfeitures of one-half of one month's pay per month for ten months.

Appellant alleges that referral to a court-martial of an offense for which appellant had been previously punished constituted a denial of military due process and a violation of Article 13, Uniform Code of Military Justice (UCMJ) 10 U.S.C. § 813. We disagree.

Appellant received punishment under the provisions of Article 15, UCMJ, for the same criminal misconduct which is the subject of the larceny specification in the case now before us. Apparently, realizing that such prosecutorial activity was permitted by military law, trial defense counsel expressly declined to raise a motion to dismiss the larceny specification when the issue was raised by the military judge. During his argument, trial defense counsel properly requested the military judge to consider the prior Article 15, UCMJ, punishment in arriving at an appropriate sentence. Not only did the military judge announce that he would consider the punishment as requested, but, he treated the defense's argument as a motion to dismiss the larceny specification based on prior punishment. The military judge denied the motion, however, because he determined the larceny specification was a serious offense.

■ We believe appellant incorrectly couches this issue in terms of a violation of due process and Article 13, UCMJ. We believe the military judge was correct in considering appellant's prior punishment for the larceny solely as mitigation in determining an appropriate sentence.

It is well settled that Article 15, UCMJ, punishment bars a subsequent trial for the same offense only where the offense is of a "minor nature"; and, where the offense is serious rather than minor, the imposition of nonjudicial punishment must be considered for the purpose of determining an appropriate sentence. *United States v. Oliver*, 44 C.M.R. 384 (C.M.A.1971); Article 15(f), UCMJ.[1]

Indeed, the Manual's nonjudicial punishment procedure paragraph 1e, provides in part, that,

The decision whether an offense is "minor" is a matter of discretion for the commander imposing the nonjudicial punishment, but punishment for an offense other than a minor offense (even though thought by the commander to be minor) is not a bar to trial by court-martial for the same offense. [Citation omitted.] However, the accused may show at trial that nonjudicial punishment was imposed, and if the accused does so, this fact must be considered in determining an appropriate sentence.

Manual for Courts-Martial, 1984, Part V, *Nonjudicial Punishment Procedure* para. 1e.

Further, Rule for Courts-Martial (R.C.M.) 1001(c)(1)(B) includes as mitigation to lessen punishment to be adjudged at the court-martial, "[t]he fact that nonjudicial punishment under Article 15 has been imposed for an offense growing out of the same act or omission that constitutes the offense of which the accused has been found guilty."

In the case before us, we find that the offense of which the accused was found guilty, larceny of government property of a value over $2,000, is a serious one as contemplated by Article 15(f), UCMJ. We hold that the prior nonjudicial punishment did not bar appellant's subsequent trial for that same offense; that the punishment pursuant to Article 15, UCMJ, for the larceny offense was properly considered as mitigation by the military judge in determining an appropriate sentence; and that referral to a court-martial of a serious offense for which appellant had been punished under Article 15, UCMJ, neither constitutes a denial of military due process nor a violation of Article 13, UCMJ.

■ Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and for the first time on appeal, appellant asserts that he has been improperly targeted for prosecution. He bases his claim on allegations that numerous minor offenses were impermissibly accumulated to create a general

---

1. Article 15(f), UCMJ, provides:

The imposition and enforcement of disciplinary punishment under this article for any act or omission is not a bar to trial by court-martial for a serious crime or offense growing out of the same act or omission, and not properly punishable under this article; but the fact that a disciplinary punishment has been enforced may be shown by the accused upon trial, and when so shown shall be considered in determining the measure of punishment to be adjudged in the event of a finding of guilty.

court-martial,[2] that other individuals similarly situated were minimally punished or not punished at all, that Article 15, UCMJ, punishment had already been imposed for the larceny and that the court-martial was in retaliation for appellant's voluntary termination of his jump status.

The United States Court of Military Appeals recently noted,

> To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least *prima facie*, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

*United States v. Hagen,* 25 M.J. 78, 83 (C.M.A.1987) citing *United States v. Garwood,* 20 M.J. 148, 154 (C.M.A.), *cert. denied,* 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 456 (1985). Appellant simply has not met that heavy burden in the case before us. We find his allegation without merit.

■ As previously noted, the convening authority approved, *inter alia*, a forfeiture of "one-half of one months pay per month for ten months" contrary to the provisions of R.C.M. 1003(b)(2). This Rule requires that a sentence of forfeitures shall state the *exact amount in whole dollars* to be forfeited each month. We shall correct this error in our decretal paragraph.

The other allegations of error raised personally by appellant are without merit.

The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for bad-conduct discharge, confinement for ten months, forfeiture of $328.00 pay per month for ten months and reduction to Private E-1.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.

**2.** We note that in addition to the larceny offenses, one of the assaults on which appellant was arraigned was assault upon a commissioned officer who was in the execution of his office. Pursuant to a pretrial agreement, appellant entered a plea of guilty to the lesser offense of assault consummated by a battery and the government presented no evidence on the major offense. Ample evidence of record existed, although not presented until the sentencing proceedings, to present a *prima facie* case to the court on the major offense. These offenses are viewed by this court as a sufficient basis for trial by general court-martial.