**UNITED STATES**

v.

**Airman First Class Ronnie FRIERSON, FR 144–70–8757 United States Air Force.**

**ACM 27175.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 April 1988.

Decided 8 Feb. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Lieutenant Colo-

nel Robert E. Giovagnoni; Major Terry M. Petrie and Major Mark C. Ramsey, USAFR.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

The appellant was found guilty of desertion by a general court-martial with members. They sentenced him to a bad conduct discharge, forfeiture of all pay and allowances, and reduction to airman basic. The convening authority approved the findings of guilty and only so much of the sentence as included a bad conduct discharge, "forfeiture of two-thirds pay per month until execution of the discharge", and reduction to airman basic. This seemingly innocent reduction has derailed the forfeiture portion of the sentence.

This case deals with issues in the same general area of sentence modification as *United States v. Warner*, 25 M.J. 64 (C.M.A.1987). In our view, *Warner* and the cases following it such as *United States v. Sperrazza*, 26 M.J. 282 (C.M.A.1988) (summary disposition) focus on whether forfeitures exceeding two-thirds pay may be approved where a servicemember is not in confinement. Although the convening authority reduced the sentence in the present case from total forfeitures to forfeiture of two-thirds pay, the specific issue we are focusing on is not reducing a sentence from total to partial forfeitures. Rather, we are considering the need to announce sentences to forfeitures in specific numbers of months the forfeitures are to run and in exact, whole dollar, amounts.

■ The appellant now asserts that the convening authority erred when he approved the reduced sentence. We agree. A sentence to partial forfeitures must be for a definite period of time. Rule for Court–Martial 1003(b)(2) states:

Unless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeit-

ed each month and the number of months the forfeitures will last....

What is contemplated by this requirement is a specific number of months, not a period of time bounded by the occurrence of an event. The problem with the sentence reduction in this case is that it does not state the number of months the forfeitures will last.

Most sentences which are approved by a convening authority probably are eventually ordered executed. However, this is not a foregone conclusion. For example, the sentence may be set aside during appellate review, or a proper authority may suspend or remit it. In those situations in which a discharge is suspended or remitted, a forfeiture which is not limited to a definite number of months might continue forever. This is surely not the result the President intended.

■ We hold that the effect of the convening authority's action was to approve forfeiture of two-thirds pay for one month. This is not the first time we have faced this problem. In *United States v. Pace*, 27 M.J. 345 (A.F.C.M.R.1988), we held that the convening authority had not complied with the express terms of R.C.M. 1003(b)(2) when he reduced the accused's sentence from total forfeitures to "forfeiture of $1553.00 per month until the dismissal is ordered executed". We corrected the error by limiting the forfeitures to a one month period. The Army Court of Military Review held similarly in *United States v. White*, 23 M.J. 829 (A.C.M.R.1987).

■ We note a further difficulty with the forfeiture portion of this case. As mentioned above, R.C.M. 1003(b)(2) requires that partial forfeitures by stated in "the exact amount in whole dollars to be forfeited". While an exact dollar amount can be determined by finance technicians, the practice of using fractions like two-thirds rather than whole dollar amounts does not fully satisfy R.C.M. 1003(b)(2). *United States v. McElyea*, 22 M.J. 863 (A.C.M.R.1986); *United States v. Wakeman*, 25 M.J. 644 (A.C.M.R.1987); *See also United States v. Gilgallon*, 1 U.S.C.M.A. 263, 2 C.M.R. 170 (1952) (same result, but

reached before adoption of Rules for Courts–Martial). To the extent that this practice is error, we hold it is non-prejudicial in this case where forfeitures for only one month are being approved.

 We might not always find this type of error to be harmless. For example, where forfeitures extend for longer than a month, there might be a temptation to increase the forfeiture amount as pay scales increase over the period of the forfeiture. This would be counter to the fixed nature of forfeitures and would be prejudicial to an accused.

The appellant's other assignment of error is without merit. We will now correct the sentencing error by approving only so much of the sentence as provides for a bad conduct discharge, forfeiture of $447.00, and reduction to airman basic. The approved findings of guilty and the sentence, as modified, are correct in law and fact and are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.