**UNITED STATES, Appellee,**

v.

**Specialist Johnny STEVENS III, United States Army, Appellant.**

**ARMY 9600699.**

U.S. Army Court of Criminal Appeals.

18 March 1997.

For Appellant: Captain Mark I. Goodman, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

Before EDWARDS, KAPLAN, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT.

GONZALES, Judge:

Pursuant to his pleas, the appellant was found guilty, by a military judge sitting as a general court-martial, of three specifications of carnal knowledge with a fourteen-year-old minor and one specification of adultery with an adult female in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (1988) [hereinafter UCMJ]. The military judge sentenced the appellant to a dishonorable discharge, confinement for seven years, forfeiture of all pay and allowances, and reduction to Private E1. In compliance with the terms of a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for six months, forfeiture of "two-thirds pay per month for six months," and reduction to Private E1.*

Although not raised by the appellant, we note that the convening authority failed to state the amount of partial forfeitures "in whole dollars" as required by Rule for Courts–Martial 1003(b)(2). *United States v. Pierce,* 25 M.J. 607, 609 (A.C.M.R.1987); *United States v. McElyea,* 22 M.J. 863, 866 (A.C.M.R.1986); *United States v. Gilgallon,* 1 U.S.C.M.A. 263, 2 C.M.R. 170, 1952 WL 1713 (1952)(same result, but reached before adoption of Rules for Courts–Martial); *cf. United States v. Warner,* 25 M.J. 64, 67 (C.M.A.1987).

After announcing the sentence, the military judge noted that the forfeiture limitation in the pretrial agreement was not stated in terms of a whole dollar amount. In order to avoid any confusion, he correctly ruled that the limit on the amount of forfeiture per month that could be approved by the convening authority was $583.00. Nevertheless, the staff judge advocate who prepared the recommendation and his replacement who prepared the addendum to the recommendation, both erroneously advised the convening authority that he could approve the partial forfeiture of pay in terms of a fraction.

To the extent that the practice of using a fraction when approving a partial forfeiture, instead of in whole dollars, is error, we hold that it was nonprejudicial in this case. UCMJ art. 59(a), 10 U.S.C. § 859(a). However, we might not always find this type of error harmless. For example, where partial

---

* The appellant was tried and sentenced five days before the effective date of the 1996 amendments to Article 57(a) and 58b, UCMJ, 10 U.S.C. §§ 857(a) and 858b, concerning the deferment of forfeitures and the requirement for the forfeiture of pay and allowances during confinement.

forfeitures extend from one calendar year to another, a pay technician may conclude that the amount of forfeiture may increase as the basic pay scale increases during the period of the forfeiture. This would be counter to the fixed nature of forfeitures and would be prejudicial to an accused. *United States v. Frierson*, 28 M.J. 501, 503 (A.F.C.M.R.1989).

The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for six months, forfeiture of $583.00 pay per month for six months, and reduction to Private E1.

Senior Judge EDWARDS and Judge KAPLAN concur.