UNITED STATES

v.

Airman First Class Ryan J. YORK,
United States Air Force.

ACM 33239.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 9 April 1998.

Decided 25 April 2000.

Appellate Counsel for Appellant: Colonel Douglas H. Kohrt, Major Thomas R. Uiselt, and Captain Tishlyn E. Taylor.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, and Captain Tony R. Roberts.

Before SNYDER, Chief Judge,
SCHLEGEL, Senior Judge, and BURD,
Appellate Military Judge.

OPINION OF THE COURT

SCHLEGEL, Senior Judge:

Consistent with his pleas, appellant was convicted by a general court-martial of wrongfully using cocaine. Article 112a, UCMJ, 10 U.S.C. § 912a. Court members sentenced him to a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to E–1. The convening authority approved "forfeiture of $617.00 pay per month until the bad-conduct discharge is executed[.]" We find no errors and affirm.

Appellant alleges the approval of forfeitures of $617.00 pay per month until the bad-conduct discharge is executed violates Rule for Courts–Martial (R.C.M.) 1003(b)(2) because the action does not specify the number of months that the forfeitures will last. Citing an unpublished decision of this Court, appellant contends he is entitled to the same relief granted in that case—the approval of only so much of the forfeiture as provides for forfeitures of $617.00 pay per month for 12 months.

The Staff Judge Advocate (SJA) apparently advised the convening authority in accordance with Air Force Instruction (AFI) 51–201, *Administration of Military Justice,* ¶ 9.8.1. Paragraph 9.8.1 states, "[i]f no confinement is adjudged and a forfeiture exceeding two-thirds pay per month is adjudged, reduce the approved forfeiture to not more than two-thirds pay per month to run for a specified period of time or *up until the punitive discharge is executed.*" (Emphasis added). Therefore, although not phrased as such by the appellant, the central issue to be resolved in the instant case is whether the cited provisions of AFI 51–201 exceed the

Secretary's authority *vis-a-vis* the Uniform Code of Military Justice and the *Manual for Courts–Martial.*

The President prescribes the maximum punishment for each court-martial offense. Article 56, UCMJ, 10 U.S.C. § 856. Authorized punishments are found in the *Manual for Courts–Martial.* Initially, the *Manual* provided that,

> Any military person convicted by any court-martial may be sentenced to forfeiture of pay or, when appropriate, to pay and allowances. However, allowances are forfeited only when the sentence includes forfeiture of all pay and allowances: such a penalty will be adjudged only when the accused is also sentenced to punitive discharge or dismissal.

*Manual for Courts–Martial, United States (MCM) 1951,* ¶ *126h(2). But see United States v. Jobe,* 27 C.M.R. 350, 1959 WL 3627 (C.M.A.1959). This same paragraph also directed that unless total forfeitures were adjudged, the amount and duration of the partial forfeitures must be expressly stated in the sentence. Forfeitures in a special court-martial were limited to two-thirds pay per month for six months. *MCM,* ¶ *127b* (1951). Subsequently, the convening authority was restricted from approving forfeitures of more than two-thirds pay for any month if the accused was not also confined. *MCM,* ¶ *88b* (1969 Rev.). *See also* R.C.M. 1107(d)(2), Discussion. In acting on the sentence, a convening authority may disapprove, mitigate, or change a punishment to one of a different nature so long as the convening authority does not increase the severity of punishment. R.C.M. 1107(d)(1). "When mitigating forfeitures, the duration and amounts of forfeiture may be changed as long as the total amount forfeited is not increased and neither the amount nor duration of forfeitures exceeds the jurisdiction of the court-martial." R.C.M. 1107(d)(1), Discussion.

In *United States v. Warner,* 25 M.J. 64 (C.M.A.1987), our superior court held that the language in that discussion prohibited them from finding a sentence appropriate if it included total forfeitures when an accused was not confined. "The portion of the sentence which provides for total forfeitures is amended to read 'forfeiture of two-thirds pay as E–1 per month *until the discharge is executed.*'" *Id.* at 67. (Emphasis added). *See also United States v. Wilson,* 28 M.J. 48, 51 (C.M.A.1989); *United States v. Sperrazza,* 26 M.J. 282 (C.M.A.1988) (mem.); *United States v. Anderson,* 26 M.J. 77 (1988) (mem.); *United States v. Griffin,* 26 M.J. 49 (C.M.A. 1988) (mem.); *United States v. Fair,* 26 M.J. 49 (C.M.A.1988) (mem.); *United States v. Shufelt,* 25 M.J. 395 (C.M.A.1987) (mem.); *United States v. Theriot,* 25 M.J. 390 (C.M.A. 1987) (mem.); *United States v. Spenny,* 25 M.J. 237 (C.M.A.1987) (mem.). The Army is the only other service court to address this issue.

Different panels of our colleagues on the Army court have reached different conclusions about the validity of a sentence when a convening authority approves forfeitures of two-thirds pay per month *until execution of the discharge.* In *United States v. White,* 23 M.J. 859 (A.C.M.R.1987) (per curiam), the accused was sentenced to a punitive discharge and forfeiture of all pay and allowances, without confinement. The convening authority only approved forfeitures in the amount of $429.00 pay per month "for so long as the accused is entitled to pay." *Id.* at 859. The Court agreed with the appellant, that the approved forfeitures violated R.C.M. 1003(b)(2), and corrected the error by only approving the forfeitures for one month. A contrasting decision was reached in *United States v. Bowen,* 29 M.J. 779 (A.C.M.R.1989), where the Court determined that a convening authority is not required to specify the duration of two-thirds forfeitures of pay when approving a sentence where total forfeitures and no confinement were adjudged. *Bowen* held that R.C.M. 1003(b)(2) was inapplicable to the convening authority's approval of a sentence. "R.C.M. 1003(b)(2) pertains to authorized punishments which may be adjudged by a court-martial and not to actions by the convening authority in acting upon sentences imposed by courts-martial." *Id.* at 780. The court found the duration of the forfeitures quite specific, "the date the discharge is executed." *Id.* at 781.

Although not cited by appellant in his brief, this Court concluded in two earlier

decisions that "[a] sentence to partial forfeitures must be for a definite period of time[,]" *United States v. Frierson*, 28 M.J. 501, 502 (A.F.C.M.R.1989), as expressly outlined in R.C.M. 1003(b)(2). *Id.; United States v. Pace*, 27 M.J. 829 (A.F.C.M.R.1988) (per curiam). In both cases, we corrected the error by limiting forfeitures to a one-month period.

In *Frierson*, we explained our rationale for requiring that a sentence to partial forfeitures specify the number of months the forfeitures are to run.

> Most sentences which are approved by a convening authority probably are eventually ordered executed. However, this is not a foregone conclusion. For example, the sentence may be set aside during appellate review, or a proper authority may suspend or remit it. In those situations in which a discharge is suspended or remitted, a forfeiture which is not limited to a definite number of months might continue forever. This is surely not the result the President intended.

*Id.* at 502. Our prior rationale for disapproving a sentence of *forfeitures until the discharge is executed* was motivated by the possibility of ongoing forfeitures whenever a discharge is suspended or remitted. We are no longer so concerned, because the SJA can advise the convening authority to amend the forfeiture provision at the time of a suspension or remission. Even if a convening authority fails to amend the forfeiture provision, either this Court, or The Judge Advocate General under Article 69(a), UCMJ, can correct this during normal appellate review.

■ However, despite our *Frierson* and *Pace* decisions, this Court has not consistently applied the rule that a sentence to partial forfeitures must specify the number of months the forfeitures will last when the convening authority approved total forfeitures and no confinement. *Compare United States v. Marsh*, 35 M.J. 505, 512 (A.F.C.M.R.1992) (correcting the approved sentence by reducing total forfeitures to a forfeiture of $482.00 pay per month until the bad-conduct discharge is executed) *with United States v. Deisher*, 32 M.J. 579, 580 (A.F.C.M.R.1990) (correcting the approved sentence by reducing total forfeitures to a

forfeiture of $480.00 pay per month for three months). After considering this matter anew, we agree with our Army colleagues in *Bowen* that R.C.M. 1003(b)(2) does not limit sentences the convening authority can approve. To the extent *Frierson* and *Pace* are inconsistent with this decision, they are hereby overruled.

■ In the instant case, when the convening authority mitigated forfeitures to two-thirds pay per month until the discharge is executed, he did not increase the total amount forfeited nor did the amount or duration of the forfeiture exceed the jurisdiction of the general court-martial. Further, permitting a convening authority to approve two-thirds forfeiture of pay until the discharge is executed is not inconsistent with the *Manual for Courts–Martial*. Therefore, we also find the Secretary did not exceed his authority when he promulgated paragraph 9.8.1 of AFI 51–201.

As we have previously suggested, this problem can be avoided. In general courts-martial, we recommend military judges add the following language to the instruction describing forfeitures:

> If you decide not to confine the accused, then the maximum forfeiture you may adjudge is two-thirds pay per month for (the maximum period of confinement authorized).

The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record are

AFFIRMED.

Chief Judge SNYDER and Judge BURD concur.